# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| IN RE: <br><br> JOYCE MCCARRON, <br>     Debtor <br><br> CONSUMERS CREDIT UNION, its assignees and/or successors in interest, <br>     Movant <br><br> vs. <br><br> JOYCE MCCARRON; <br> GARY F. SEITZ, Trustee, <br>     Respondents. | CHAPTER 7 <br><br> CASE NO.: 22-11301-elf <br><br> **HEARING DATE:** <br> Wednesday, Sept. 7, 2022 <br> 10:00 a.m. <br><br> **LOCATION:** <br> U.S. Bankruptcy Court <br> Robert N.C. Nix Federal Courthouse <br> 900 Market Street <br> Courtroom No. 1 <br> Philadelphia, PA 19107 |

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

Movant, by its Attorney, Jason Brett Schwartz, Esquire, hereby requests a termination of Automatic Stay and leave to take possession on its Retail Installment Contract on property owned by Debtors.

1. Movant is Consumers Credit Union, its assignees and/or successors in interest.

2. On or about May 19, 2022, the above named Debtor filed their Chapter 7 Petition in Bankruptcy with this Court.

3. Prior to the filing of the petition, on November 8, 2019, Debtor made, executed and delivered a Retail Installment Contract ("Contract") to Movant or its predecessor which bears interest as specified therein. The original Contract is held by Movant and a copy is attached hereto as **Exhibit "A"** and is incorporated by reference.

4. The indebtedness evidenced by the Contract is secured by a security interest in a **2019 KIA Sorento, VIN 5XYPG4A34KG516594** ("the Vehicle") as evidenced by an Ownership

Certificate, filed with the Department of Motor Vehicles, State of Pennsylvania. A copy of the Certificate is attached hereto as **Exhibit "B"** and is incorporated by reference.

5.   As of August 2, 2022, the outstanding Obligations are:

| | |
|---|---|
| Unpaid Principal Balance | $21,566.13 |
| Unpaid, Accrued Interest | $332.73 |
| Minimum Outstanding Obligations | $21,898.86 |

6.   In addition to the other amounts due to Movant reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Movant has also incurred $838.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

7.   The Debtor's Statement of Intention indicates "Retain the property and Continue to make payments," however, "section 362(h) provides that the stay will be terminated and the collateral will no longer be property of the estate if the debtor fails *to file and to perform* a statement of intention to surrender, to redeem, to reaffirm or, in the case of leased property, to assume the unexpired lease." In re Miller, 443 B.R. 54, 58 (D. Del. 2011) (emphasis in original). Debtor's counsel requested a reaffirmation agreement on June 8, 2022. Counsel for Movant forwarded a Reaffirmation Agreement to the Debtor's Counsel on June 30, 2022 and followed up on July 23, 2022 for the signed agreement with no response. Therefore Movant respectfully moves the court to grant relief from the automatic stay to pursue its non-bankruptcy remedies.

8.   The following chart sets forth the number and amount of payments due pursuant to the terms of the Contract that have been missed by the Debtor:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 7/27/22 | 7/27/22 | $594.66 | $594.66 |
| | | | **Total:** | **$594.66** |

9. Movant has elected to initiate proceedings to take possession of the Vehicle with respect to the subject Contract; however, Movant is precluded from proceeding to commence said actions to take possession during the pendency of this Bankruptcy.

10. Based upon the foregoing, Movant alleges that Movant is not adequately protected, that the subject Vehicle is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Movant in taking possession of Movant's interest. Movant urges that this Court issue an Order herein permitting this Movant to proceed with any necessary action to obtain possession of the Vehicle and to dispose of same in a commercially reasonable manner.

11. Gary F. Seitz has been appointed by this Court as the Chapter 7 Trustee in this instant Bankruptcy proceeding. By virtue of his position as Trustee of the estate of Debtor herein, he holds title to the subject Vehicle in that capacity. To the extent the relief sought herein is granted, Gary F. Seitz, Trustee, is bound by any such judgment.

12. The commercially reasonable value of the Vehicle is approximately $21,527.00, as evidenced by the Debtor's Schedules A/B and D, a copy of which is attached hereto as **Exhibit "C"** and is made a part hereof.

13. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 362(d).

WHEREFORE, Movant respectfully requests that this Court enter an Order modifying the Automatic Stay under Section 362(e) with respect to the subject Vehicle as to permit Movant to take

possession of the subject Vehicle under its Contract and allow Movant to dispose of same in a commercially reasonable manner.

Movant further requests that the Order waives the 14-day stay described by Bankruptcy Rule 4001(a)(3).

Respectfully submitted,

MESTER & SCHWARTZ, P.C.

/s/ Jason Brett Schwartz
Jason Brett Schwartz, Esquire
Retained Counsel for Movant
1917 Brown Street
Philadelphia, PA 19130
Telephone (267) 909-9036
Facsimile (215) 665-1393
E-Mail: jschwartz@mesterschwartz.com
C.284-247